## ELLEN O'NEIL v. CITY OF DETROIT.

### *Cross-walk.*

Cities are made responsible for injuries caused by defects in the carriage way and *cross-walks* of public streets, but not for those caused by defects in *sidewalks*. Act 244 of 1879. The city of Detroit, in levying sidewalk rates, holds abutting owners liable for only so much walk as lies between the extended boundaries of their lots. This practical construction, which excludes any part of the walk outside of the extended boundaries, was *followed* where a foot passenger was injured by a defect in the walk at the intersection of the streets, and the walk outside of such extended boundaries was regarded as part of the cross-walk.

A point not raised in the trial court cannot be considered in reviewing the case on error.

Error to the Superior Court of Detroit. (Chipman, J.) Jan. 16.—Feb. 27.

CASE. Defendant brings error. Affirmed.

City Counselor *Henry M. Duffield* for appellant.

*Conely, Maybury & Lucking* for appellee.

COOLEY, J. The city of Detroit brings error in this case upon a judgment rendered in favor of the plaintiff for a personal injury suffered by her in passing along one of its streets. The place of injury was at the intersection of Labrosse street with Trumbull avenue, a little outside the line which bounds lots on Labrosse street, extended across the avenue. The place of injury was on the walk for foot passengers, and the injury was occasioned by a defect which had existed for some time, but of which the plaintiff was unaware. No negligence is attributed to the plaintiff, and the principal question made on the trial was, whether for an injury occasioned by a defect in the street at the place where this occurred, the city was liable under the statute.

The principal contention appears to have been over the question whether the defective place was to be considered a part of the sidewalk or a part of the cross-walk. It is seen that it was within the bounds of Labrosse street and that it was upon that part of the street which is appropriated to and prepared for the use of foot passengers. It was also on the line for the crossing of foot passengers on the northerly side of Trumbull avenue. If the whole crossing of the avenue from boundary to boundary of Labrosse street is to be deemed cross-walk, then the defect which caused the injury was in the cross-walk, but if the cross-walk is deemed to extend to the line of the sidewalk only, then the defect was in the sidewalk.

The importance of this contention will appear when it is known that the city is responsible for injuries occasioned by

defects in the carriage-way or street proper, and in the cross-walks, but not for those occasioned by defects in the side-walks. Pub. Acts, 1879, p. 223; *Detroit v. Putnam* 45 Mich. 263. Why this difference in liability was established by statute is matter of conjecture, but we have supposed one reason to be that the expense of keeping the streets proper and cross-walks in repair, is imposed upon the city, which is fully empowered to raise funds for the purpose, so that the neglect, if there be one, is the neglect of the city itself. On the other hand the expense of constructing and repairing sidewalks is not usually imposed on the general fund, but is made a charge against the owners of abutting property; and the neglect, if there be any, is individual. *Detroit v. Putnam*, supra. If this is really the reason for the distinction, there is much good sense in it. It charges the city with the consequences of defects only when the duty of repair is municipal.

What is to be deemed sidewalk and what cross-walk, the statute does not determine, but the practice of the city authorities in levying sidewalk rates appears to have settled a construction. The walk in front of a man's lot, so far as the lot extends, but no farther, is deemed his sidewalk, and is required to be made and repaired by him; and if the lot be a corner lot, he builds and keeps in repair the walk on the side so far as the lot extends and no farther. Then from the end of these walks across the street for its whole width the city constructs the passage-way, and it does so under the authority conferred upon it to construct cross-walks. The cross-walks are thus seen to extend for the whole distance between the extended boundary lines of the intersecting streets, while the sidewalks stop at such boundary lines, meeting the cross-walks there.

If this practice of the city authorities is to be deemed a construction of the terms "cross-walks" and "sidewalks" for the purposes of this action, the city is liable for this injury. We are aware of no reason to preclude its being so regarded. We are inclined to think the construction a reasonable one, but it is certainly not plainly erroneous, and we

are not inclined to question it. We therefore agree with the trial judge that the city is liable.

Counsel for the city ask a reversal of the judgment because it was not shown that the claim for compensation had been presented to the common council before suit was instituted against the city as the city charter, ch. 10 § 25, requires. *Detroit v. Mich. Paving Co.* 38 Mich. 358. But as it does not appear by the record that any such question was made in the trial court it is not open here.

We do not discover in the record anything further which requires comment and the judgment must be affirmed with costs.

GRAVES, C. J. and MARSTON, J. concurred.