53 271
59 56
65 502

## SIDNEY O. WILLIAMS v. CITY OF GRAND RAPIDS.

53 271
146 ⁴162

*Jurors—Inspection of locus—Striking out testimony—Personal injury.*

1. Howell's Stat. § 7584a in providing that it shall be a ground for challenge if a juror has already served in the same court within a year, excludes one who has served as talesman in a street opening case.

2. Testimony will not be struck out on the technical objection that the question was leading if this objection was not made when the question was asked.

3. Where testimony was admitted on condition of supplying certain proofs, and on failure to supply such proofs no motion was made to strike it out, it was *held* no error to let it stand.

4. It is discretionary with a judge in an action for sidewalk injury to order the jury to inspect the place where the injury occurred; and it was *held* no abuse of discretion to allow them to do so six months after the injury took place.

5. In an action for personal injury it is competent to show in rebuttal that after the alleged injury the plaintiff was not an able-bodied man; and it is not proper to limit the witness to showing that he had no defect before the injury.

Error to the Superior Court of Grand Rapids. (Parrish, J.) February 1.—April 9.

CASE. Plaintiff brings error. Reversed.

*Fred A. Maynard* for appellant. It is error to admit a juror who is challenged and ought to have been rejected: *Atlas Mining Co. v. Johnston* 23 Mich. 39; as to How. Stat. § 7584a see *Burden v. People* 26 Mich. 164.

*J. W. Ransom* for appellee.

SHERWOOD, J. The plaintiff in this case brings suit against the city of Grand Rapids for damages for injuries he claims to have sustained from a fall, occasioned by a defective cross-walk which it was the duty of the city to keep in repair. The case was tried in the Superior Court of that city before a jury, and under the rulings of the court the defendant obtained judgment. No question arises upon the pleadings in the case.

The plaintiff, on the evening of the 7th of December, 1881, was passing along Third avenue, in the city, on the sidewalk. At the end of the same, and at the point where the cross-walk begins, the walk had been removed for several feet, and a depression thereby created of about eight inches. The plaintiff did not see the depression, and in stepping off the end of the sidewalk fell, and, as he claims, was seriously injured, entirely through the neglect of the city to keep said cross-walk in proper repair. It was not pretended by the city but that the injury, whatever it was, occurred on the cross-walk. Neither did it deny its liability in case injury was sustained without negligence on the part of plaintiff.

Seven of the eight errors assigned relate to the rulings of the court upon the trial.

A juror was called to make out the panel who had but a short time before and within a year served as a talesman in a street-opening case in said court, and was permitted to sit against the objection of the plaintiff's counsel, under the statute of 1869. This is claimed as error, and we think correctly. The statute provides that it shall be a good cause for challenge "if the person has served as a juror or as a talesman in such court at any time within one year previous to such challenge." We think the case falls within the statute.

The plaintiff's second and eighth assignments of error were abandoned on the argument.

The following question was propounded to the plaintiff when on the stand as a witness: "Has this breach [an injury claimed to have been occasioned by the fall] prevented you from attending to your necessary and lawful affairs and busi-

ness?" The answer was, "Yes, sir." Counsel for defendant then moved to strike out the testimony on the ground that the question was leading; and this was done against the objection of plaintiff's counsel. We think the exception to this ruling was properly taken. The testimony was relevant and material to the issue; and while the question was subject to the technical objection of being leading, such objection was not made, and it could not be used on a motion to strike out after the answer was given. Technical grounds do not furnish sufficient reasons for a motion to strike out testimony. This class of objections arise out of inability to make a general rule which is applicable to the circumstances of every case. They are seldom resorted to for the purpose of eliciting the truth, and when a party does so he will be confined to the letter of the rule which requires the objection to be made before the answer is given. We think the testimony should have been allowed to stand, and it was error to exclude it.

Counsel for defendant was permitted by the court, against the objection of irrelevancy and immateriality, to make proof of the condition and appearance of the premises where the accident occurred, six months after the plaintiff received his injuries, upon the condition stated, that he would subsequently show that they were then the same as when the accident occurred. He failed to make the subsequent proofs and the testimony was allowed to stand, and we think properly. The objection remained good through the trial, and it was the duty of the court to see to it that the testimony was made relevant as proposed, or to strike it out, had his attention been called to the failure to make the promised proof. Plaintiff's counsel having failed to do so, it cannot now be urged as error. The view of the premises ordered was within the discretion of the court, and while we are unable to see what benefit could have been derived from it, under the circumstances there was no abuse of the discretion.

The testimony offered in rebuttal to show that the plaintiff, after the alleged injury, was not an able-bodied man, was competent, and not subject to the objection made. It was

a part of the theory of the defendant that plaintiff was not seriously injured; and, if he was, that he did not receive his injuries from the fall, and gave testimony tending in this direction. The offered testimony was properly rebutting. I do not think the limitation placed upon this class of testimony was proper.[1] The theory and testimony of the defendant both offered to the plaintiff a wider range in rebuttal.

For the errors here noticed the judgment must be reversed, and a new trial granted.

COOLEY, C. J., and CAMPBELL, J., concurred.

CHAMPLIN, J. While I agree with my brothers that the judgment should be reversed, I do not think the objection valid which was taken to the ruling of the court relative to the challenge of the juror who had served as a talesman in a street-opening case. I do not think that the statute refers to jurors in such special proceedings, but only to jurors summoned to form the regular panel, and talesmen in the ordinary trial of causes in courts of record.

---

[1] The limitation was that plaintiff must confine his testimony to showing that he had no breach before the accident.