Sidney O. Williams v. City of Grand Rapids.

*Directing verdict—Reasons not material, if no case made—Duty of munici-
palities to build cross-walks—Act of 1879 construed.*

1. The action of the trial court in directing a verdict for defendant will
   be sustained, irrespective of the soundness of the reasons assigned,
   where it appears from the record that plaintiff failed to make a case.

2. Plaintiff sued defendant under § 1442 How. Stat. (Public Acts 1879,
   p. 223), for failure to keep a cross-walk in repair, averring its exist-
   ence, the duty of the city to keep it in repair, its failure so to do, its
   dangerous condition and the consequent injury to plaintiff. The
   evidence disclosed that the city had caused an intersecting street to
   be graded *to* a cross street, and no further, and had built a sidewalk
   ending abruptly at the cross street for a lot-owner, in default of his
   doing so, but had never ordered or constructed a walk across said
   cross street, which crossing at time of the accident to plaintiff was
   in its natural condition, or as had been marked or worn by foot
   travel at that point. At time suit was brought the city was not legally
   liable for damages resulting from defective sidewalks. *Held,* that
   plaintiff could not recover. The statute under which suit is brought
   does not give a right of action against a municipality for not con-
   structing cross-walks, and imposes no duty upon it to build them,
   but when once built, the duty to keep in repair arises. The necessity
   for their construction is to be determined by the local authorities,
   and not by the court.

Error to Superior Court of Grand Rapids. (Parrish, J.)
Argued November 11, 1885. Decided January 13, 1886.

Action for failure to keep cross-walk in repair. Verdict
for defendant, by direction of court. Affirmed.

*Fred. A. Maynard,* for plaintiff and appellant:

A corner lot-owner neglects to build a sidewalk, and the
city marshal builds it in front of the lot, and it at once
becomes the duty of the city to construct a cross-walk and
keep it in good repair, and in a condition reasonably safe and
fit for travel. At the point where the sidewalk ends the
cross-walk begins.

It is immaterial how the cross-walk becomes unsafe for
travel. What happened in this case is liable to occur when
a street is regraded. The raising or lowering of a street may
necessitate a change of all the sidewalks, cross-walks and

culverts on the same, in order to maintain them in a reasonably safe condition for travel.   It follows that a cross-walk may be safe before the improvement in the street, and unsafe afterwards, and this is always a question of fact for the jury: *Diveny v. City of Elmira*, 51 N. Y. 512; *Todd v. City of Troy*, 61 N. Y. 506; *Clemence v. City of Auburn*, 66 N. Y. 334; *Evans v. City of Utica*, 69 N. Y. 166; *Niven v. City of Rochester*, 76 N. Y. 619; *Weed v. Village of Ballston Spa*, 76 N. Y. 329; *Saulsbury v. Village of Ithaca*, 94 N. Y. 27; *Dewire v. Bailey*, 131 Mass. 169.

*J. W. Ransom*, for defendant :

The statute giving a right of action for personal injuries received by reason of defects in highways or streets, against municipalities, confines it to the municipality or corporation whose corporate authority extends over the same, and whose duty it is to keep the same in good repair :   How. Stat. § 1442, Public Acts 1879, p. 223.

MORSE, J.   The plaintiff sued the city of Grand Rapids for injuries received from an alleged defect in a cross-walk. When the evidence was all in, the court below directed a verdict for the defendant, assigning its reasons therefor. Whether those reasons were good we shall not inquire, as, in our view, the plaintiff made no case upon his own showing. Neither is it necessary for us to discuss but one question involved in the record, as that is sufficient to support the verdict.

In his declaration the plaintiff, in setting out his case, avers that in June, 1856, and from that time up to the date of the injury, December 7, 1881, a certain street, known as " Third Avenue," was situated within the limits of the city of Grand Rapids, and under its care, control and jurisdiction, and was then in 1856, has ever since been, and now is a public highway; that in June, 1856, a certain cross-walk was situated at a point where Ionia street, in said city, intersects said Third avenue; that it became and was the duty of said defendant on the first day of December, 1881, to keep the said cross-walk in good repair, and reasonably fit and safe for travel; that the defendant did not so keep said cross-walk, but entirely neglected to do so, and wrongfully permitted

the same to remain and continue, from November 1, 1879, up to December 7, 1881, to be inconvenient, unsafe and dangerous for public travel; and that it was so unsafe and dangerous because, at the west end of a sidewalk, built by the city marshal, and where said cross-walk begins, there was a certain fall or depression of about eight inches from the surface of the sidewalk to the ground below, of which dangerous fall or depression the defendant had full knowledge, and yet wrongfully and negligently allowed it to so continue and remain. This is the substance of the allegations as to the place where the injury occurred, and the duty and the negligence of the defendant.

From this declaration it would naturally be supposed that the city had in some manner built or laid a cross-walk of some material, and maintained the same, and that the defect was a break or hole in the same, or a fall or depression from the sidewalk to the cross-walk, caused by some defect in the cross-walk. The evidence shows that June 23, 1856, the original plat of Grant's addition to the city of Grand Rapids was duly recorded, and a dedication made of the street now known as Third avenue to the public according to the law then in force; also testimony tending to show more or less travel upon said street thereafter. The first action taken by the city to accept this dedication, as shown by the record, is of the date May 19, 1879, when the common council resolved that the grading and graveling, and paving the gutters of Third avenue, in the city of Grand Rapids, from the west line of South Division street, in said city, to the east line of South Ionia street, in said city of Grand Rapids, including the construction of the necessary bridges, culverts, gutters, cross-walks, man-holes, catch-basins, approaches, and cess-pools therein, was a necessary public improvement. Afterwards, on the twenty-eighth day of July, 1879, that body voted to make such improvement, and took the necessary steps to raise the means therefor. It will be seen that the improvement of this street was to extend only to the east line of Ionia street. No provision was made to build any cross-walks, or to grade or pave Third avenue beyond the east

line of Ionia street. In front of the lot standing on the northeast corner of the intersection of these streets, along the north line of Third avenue, the city marshal built a sidewalk which ended at the east line of Ionia street. It was at the fall from the west end of this sidewalk to the ground on Ionia street that the plaintiff received his injury. The evidence shows that no cross-walk of any kind was ordered or constructed by the common council or any one, before the happening of the injury, from the west end of this sidewalk over and across Ionia street. The plaintiff, a farmer about fifty years of age, residing without the city, in the township of Byron, in going to the residence of his brother, after dark, along said Third avenue, and upon this sidewalk, stepped from it, at its termination, and fell to the ground, causing a rupture. There is no material conflict of evidence as to the condition of the sidewalk and street at the time of plaintiff's hurt, or as to the manner or extent of his injury.

The fact that the city never authorized, built, or constructed a cross-walk from the end of this sidewalk over Ionia street, and that none existed there, in our view disposes of this case. The sidewalk was built by the city because of the failure of the lot-owner to construct it, and under the statutes existing at the time of the injury, neither the lot-owner nor the city was liable in an action for damages for a defect therein. It would seem from *O'Niel v. City of Detroit*, 50 Mich. 133, that the place where the accident occurred would not be a part of the sidewalk, but, if a cross-walk had existed there, with a break or hole where the plaintiff stepped, it would have been a case for damages because of a defective cross-walk. Here there was no cross-walk, and never had been any, except the ground of the street, which people might cross over if they saw fit. There was just such a crossing as nature made, or may have been marked or worn by the feet of those who passed across the street at that point. There was, as far as the city was concerned, and by its action, no more of a cross-walk at this place than at any other point along Ionia street where no other street intersected with it. The city had never attempted

in any way to build or maintain a cross-walk there.   This is admitted by plaintiff's counsel, but he contends that, inasmuch as the city in the summer of 1879 had graded Third avenue, and built sidewalks thereon, up to the east line of Ionia street, it was the duty of defendant to construct a cross-walk at this point across said street, and failing to do so for over two years, the city is guilty of neglect, and liable in damages for not building or raising a cross-walk up to the level of the sidewalk.   The plaintiff declares for a defect in a cross-walk.   The evidence shows there was no cross-walk, and he now seeks, in effect, to recover for an injury caused by the neglect of the city to build one.

We do not think he can maintain his action.   The statute under which he seeks compensation for this injury does not contemplate, in our opinion, a right of action against a municipality for not constructing cross-walks.   If so, it might be argued, with equal force and propriety, that under the amendment of 1885, making cities and villages liable for injuries caused by defective sidewalks, damages could be recovered for a neglect to build a sidewalk along vacant or occupied lots, anywhere within their limits, where people might see fit by travel to mark out a foot-path or walk, before any was ordered or constructed by the proper authorities.   It is certainly within the discretion of the municipality as to how many, and in what places, cross-walks shall be laid.   It is not incumbent upon cities to build cross-walks at the intersection of all streets.   The necessity for such walks depends upon the needs of travel, and of these needs the common council must judge.   Nor can the city be made responsible for injuries that may happen because cross-walks or sidewalks are not laid at all, or because they are built upon a certain plan.   Such was the condition of Third avenue, as to public use, that it was not found necessary to grade, gravel or pave it until 1879, and then only to the east line of Ionia street. It is not for us or any other court to say when or where the city of Grand Rapids shall build a cross-walk:   Dill. Mun. Corp. § 949; *City of Lansing v. Toolan*, 37 Mich. 152; *Marquette v. Cleary, Ib.* 296; *Saulsbury v. Ithaca*, 94 N. Y.

30; *Urquhart v. Ogdensburg*, 91 N. Y. 67; *Hines v. Lock-port*, 50 N. Y. 238; *Mills v. Brooklyn*, 32 N. Y. 489; *Darling v. Bangor*, 68 Me. 108.

If, by the building of the sidewalk, the step therefrom into the street was made dangerous, it was nevertheless not a defect in a cross-walk, where one did not exist, and never had existed. As it stood, it was more of a defect in the side-walk than anything else. To hold the defendant liable under the declaration and the evidence before us would compel cities and villages to build cross-walks at the termination of every sidewalk upon a street, which certainly is not contem-plated by the statute. The law says nothing about the con-struction of cross-walks, and imposes no duty to build them. It evidently means, when it imposes a duty upon munici-palities to keep in good repair, that where bridges, cross-walks, culverts, and new sidewalks have once been erected or constructed in the discretion and judgment of the com-mon council, or other authorities having these matters in charge, because of the needs of the traveling public, they shall then thereafter be kept in good repair, and in a condi-tion reasonably safe and fit for public travel. It does not intend to force, by a penalty in damages, the building of these, any more than it does the opening of new streets and highways. The city of Grand Rapids must determine for itself the necessity of opening a street to public travel, and the building of cross-walks over it. For a failure to do either no right of action exists, even if damage or injury is occasioned thereby. When a street is opened or a cross-walk built, then the law steps in, and commands that the street or cross-walk must be kept in good repair, and fit for travel without danger, or the city pay the damages arising from defects. It cannot be that the Legislature meant to give damages for an injury happening where a cross-walk was not, but where a court or jury might say it ought to be. They have not, at least, so expressed the law.

When this case was here before (*Williams v. Grand Rapids*, 53 Mich. 271), we gathered from the record that there was a cross-walk, some portion of which had been

removed, creating this fall or depression; and there seemed to be no question raised upon the argument but that the injury occurred on a cross-walk. As the record now comes to us, it is admitted that no cross-walk existed save the ground, and that the injury was caused by the want of one, or because of the building of the sidewalk above the level of the street. One ground upon which the city now contests its liability is that there was no cross-walk, nor was it obliged to construct one. We think this ground sufficient, without noticing the others.

The judgment of the Superior Court of Grand Rapids must be affirmed, with costs.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

SHERWOOD, J. I cannot concur in the views of my brethren in this case. The location of the sidewalk along the street wherein the injury occurred to the plaintiff was designated by the city when they established the grade and ordered the walk to be planked. The walk thus designated extended across the street upon which the injury occurred. Within that street it was the duty of the city to grade and maintain the walk across it, and keep the same in repair. The city knew the time within which it had ordered the the plank walk to be completed, and it was its duty to see to it that the proper connection was made with it at the street crossing when the planked part was completed; and if it failed to do this it was negligent in the discharge of its duty. It was in consequence of this particular kind of negligence that the plaintiff received his injury, and I can see no good reason why the city should not be held liable for such injury. To say the city had not yet made its walk upon the crossing, and can only be held liable for neglect to repair after such walk is made, it seems to me is unreasonable. If this is the correct rule, then all the city has to do after it has established a line of walk, to avoid all liability on crossings, is to omit to grade the walk on the crossing. In my judgment the walk exists as soon as the line is designated, and the neglect to grade it up so as to make proper connection with the walk

in front of lots which the city has ordered planked only adds grossness to the neglect of the city. Any other construction cannot fail to do great injustice to property owners along the street upon which the sidewalk is required to be planked. At the crossings of streets the city has the exclusive care and control of both the streets and the walks crossing them, and it should be held strictly responsible for the manner in which it discharges that duty, as a neglect in this regard not unfrequently gives rise to serious injuries to those traveling the street, the character of which we have presented in the present case. It was for this kind of injury the Legislature intended to furnish a remedy, but which I think is completely destroyed by the construction my brethren place upon the law in its application to this case.

I think the plaintiff is entitled to the remedy he seeks, and that the judgment rendered at the circuit should be reversed, and a new trial granted.