OTTO DITTRICH v. THE CITY OF DETROIT.

*Municipal corporations—Defective sidewalk—Contributory negligence—Evidence—Privileged communications.*

1. While contributory negligence is not to be presumed from knowledge of the existence of a defect in a sidewalk, such knowledge enjoins upon the party possessing it a degree of care commensurate therewith.

2. Where, in a suit for personal injuries received by falling upon a defective sidewalk, the testimony, if believed, shows that the walk was repaired and placed in a condition reasonably safe for public travel the day before the accident, it cannot be said that a sufficient length of time had elapsed from which notice of the defective condition of the walk could be inferred, nor that the city had had a reasonable time within which to repair the defect.

3. How. Stat. § 7516, which provides that "no person duly authorized to practice physic or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon," does not disqualify a physician who treated a plaintiff in a negligence case for a prior injury, from which the plaintiff claims he had recovered at the time of the second accident, which is denied by the defendant, from testifying that plaintiff was not discharged from treatment by him, but that he refused to attend further because of the calling of another physician without his consent; the proposed testimony not dis-

closing any information acquired by the witness during his previous attendance, or that was necessary to enable him to prescribe for the plaintiff.[1]

Error to Wayne. (Reilly, J.) Argued December 13, 1893. Decided December 22, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed* and *T. T. Leete, Jr.*, for appellant.

*John Miner* and *W. C. Beckwith*, for plaintiff.

McGRATH, J. Plaintiff seeks to recover for an injury to his left knee, alleged to have been occasioned by a fall, on

---

[1] For cases bearing upon the construction of How. Stat. § 7516, which makes certain information acquired by physicians privileged, see:

1. *Briggs v. Briggs*, 20 Mich. 34, 41, holding that the "information" referred to in the statute is not confined to communications made by the patient to the physician, but the statute protects with the veil of privilege whatever in order to enable the physician to prescribe was disclosed to any of his senses, and which in any way was brought to his knowledge for that purpose.

2. *Campau v. North*, 39 Mich. 606, 609, holding that it is competent for the attending physician of a plaintiff who sues to recover for personal injuries, and among them a rupture, caused, as alleged, by blows and other acts of violence received at the hands of the defendant, to testify to the admission of the plaintiff that the rupture complained of was not caused by the defendant, but existed prior to the time of the commission of the alleged acts of violence on his part; it not appearing that the admission, if made, was information necessary to enable the witness to prescribe for the plaintiff as a physician, or to do any act for her as a surgeon.

3. *Scripps v. Foster*, 41 Mich. 742, holding that the object of the statute is to prevent the abuse of the confidential relation existing between the physician and his patient, and is for the protection of the latter, and where the relation is such that no confidence is reposed there is none to be abused.

4. *Railroad Co. v. Martin*, 41 Mich. 667, holding that the statute does not apply where the patient consents to a disclosure of the information protected by it but for such consent; and *Fraser v. Jennison*, 42 Mich. 206, 224, holding that the proponents of a will may show by the attending physician the condition of the decedent while under his treatment.

5. *Sullings v. Shakespeare*, 46 Mich. 408, 412, holding that a physician has no right to cause to be published an article describing a surgical operation performed upon a patient, without the approbation of the patient.

6. *Storrs v. Scougale*, 48 Mich. 387, 395, holding that every reputable physician must know of the existence of the statute, and

October 23, upon a defective sidewalk.    The defendant
offered testimony tending to show that on October 22 the
walk had been repaired, and placed in a reasonably safe
condition.    Defendant's counsel also sought to show that the
injury which plaintiff sought to charge upon defendant
was, in part at least, due to an accident which had occurred
August 9.    Plaintiff testified that on that date a street car
had struck the same knee, and caused a crack in the knee-
cap, but "after that it got well;" that Dr. Black
treated him for that injury; and that another physician
prescribed for the last injury.    Dr. Black was sworn for
the defendant, and testified that he had attended plaintiff
for the first injury from August 10 to September 3.    He

that it prescribes a rule which he is not to be allowed to violate,
and guards a privilege which does not belong to him, but to his
patient, and which continues indefinitely, and can be waived by
no one but the patient himself.

7. *Brown v. Insurance Co.*, 65 Mich. 306, 316, holding that where,
in a suit upon a life-insurance policy, it appears that the decedent
stated in her application that a certain physician had treated her
some years before for typhoid fever, the physician may testify
whether or not he ever treated the decedent for that disease; the
fact as to treatment or non-treatment for the disease named, under
the circumstances of the case, not being a matter of privilege upon
which the plaintiff (beneficiary) can insist.

8. *People v. Glover*, 71 Mich. 304, holding that testimony of
physicians as to the physical condition of a respondent charged
with rape, a knowledge of which was gained from an examination
at the jail submitted to voluntarily after respondent was informed
that the prosecuting attorney had sent them for that purpose,
which was the sole object of their visit, is not privileged, and its
admission is not error.

9. *Briesenmeister v. Knights of Pythias*, 81 Mich. 525, holding:

   a—That a physician may testify that he is the family physician
of a patient, and to the number and dates of his professional
visits.

   b—That the statutory privilege is a personal one, and must be
claimed before the testimony is admitted, or it is waived, but that
such waiver will not prevent the party from claiming the privilege
on a second trial of the case.

10. *Cooley v. Foltz*, 85 Mich. 47, 49, holding that the defendant
in a civil suit for an alleged assault and battery may show, by a
physician who was called to treat the plaintiff both before and
after the commission of the trespass, that he was called to examine
and prescribe for the plaintiff, and that she stated to him, after
such examination, that she had sued the defendant, and that there
was going to be a lawsuit over it, and she would want him as a
witness.

was then asked the following question, which was excluded: "Was Mr. Dittrich discharged by you at that time [September 3] from treatment?" The fact as to treatment by a physician is not a matter of privilege. *Brown v. Insurance Co.*, 65 Mich. 306. Defendant had the right to show, if that was the purpose, that plaintiff was not discharged from treatment, but witness refused to attend further, because another physician had been called in, without the consent of witness. This testimony would not have disclosed any information acquired by the witness in his previous attendance, or that was necessary to enable him to prescribe, and it was error to exclude it.

Counsel for defendant requested the court to instruct the jury as follows:

"1. If you believe the testimony of the sidewalk inspector, Walker V. Keyes, that the walk in question was repaired by the city employés October 22, 1890, then the plaintiff cannot recover in this action.

"2. If you do not believe the testimony of witness Keyes, but find that the walk was in a defective condition, yet, if you believe the plaintiff knew this defective condition, and could have passed over it safely by the exercise of reasonable care, then he cannot recover in this action, and your verdict must be for the defendant."

If the sidewalk had been repaired on the 22d, and placed in a condition reasonably safe for pedestrians, and plaintiff was injured on the very next day, it cannot be said that a sufficient length of time had elapsed from which notice of the condition could be inferred, nor that the city had had a reasonable time within which to repair the defect.

While contributory negligence is not to be presumed from the knowledge of the existence of the defect, such knowledge enjoins upon a party a degree of care commensurate therewith.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.