## SHIETART *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS.

Pursuant to notice from the common council of a city, all of the lot owners but one in a given district constructed sidewalks in front of their lots. Plaintiff was injured after passing over the open space in front of this lot, by catching his foot in the walk on the other side. *Held*, by GRANT and LONG, JJ., that there was no more danger in walking over the sidewalk than over those built with steps to cross-walks and streets; that plaintiff had no right to assume that no walk higher than the ground existed beyond the open space; that the case was not one where a sidewalk was out of repair, but where none had ever been built; and that a municipality is

108    309
f121   280

108    309
126    156

108    309
d128   264

108    309
136    507
e136   508
j136   510

108    309
j146   263

108    309
154    303

not liable for injuries resulting solely from a failure to construct a walk or a part thereof.

HOOKER, J., concurred in reversing the judgment for plaintiff, and in refusing a new trial, on the ground that, if the walk was unsafe, its condition was apparent to the most casual observer; that in such cases the circumstances must be exceptional to authorize a recovery; and that no such circumstances were shown to exist in the case at bar.

MONTGOMERY, J., dissented, holding that while, as a general proposition, the statute does not make a city liable for failure to construct a sidewalk, the walk which caused the injury complained of was constructed and existing; that the city was responsible for its care; that its abrupt termination, which was the cause of the injury, was neither necessary nor contemplated as a part of the plan of construction; and that it was a question for the jury whether this constructed walk was in a condition reasonably safe and fit for public travel.

Error to Wayne; Hosmer, J. Submitted December 6, 1895. Decided February 18, 1896.

Case by August Shietart against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*John J. Speed,* for appellant.

*Fink & O'Connor,* for appellee.

GRANT, J. The city gave notice to lot owners to construct this sidewalk. All but one complied with the order. The sole ground of negligence upon which it is sought to hold the city liable is the failure to construct this walk in front of this lot. The walk was in a sparsely settled part of the city. The ends of the walk opposite the open space were a few inches above the ground. We do not think the statute covers this case. In most cities and villages sidewalks are constructed with steps to the cross-walks and streets. There was no more danger in walking over this sidewalk than over those constructed so that travelers are compelled to frequently step up and down. The plaintiff safely stepped off the walk. He had no right to as-

sume that there was no walk beyond higher than the ground. The sidewalk was not out of repair. It had not been built. We see no reason why a municipality should be held liable solely for a failure to construct a walk or a part thereof.

The judgment must be reversed, and no new trial ordered.

LONG, J., concurred with GRANT, J. McGRATH, C. J., took no part in the decision.

HOOKER, J. (*concurring*). I think that if the walk in this case was defective, and not in a condition reasonably safe for travel, its condition was apparent to the most casual observer. It was perfectly safe to all except the heedless, and the public should not be required to make walks so smooth that people cannot stub their toes upon them. Sidewalks in many places require steps, single or in flights, and cross-walks are often upon a different level from the sidewalks which they join. Manholes for sewers must have covers which are above the level of the pavement. Wooden sidewalks become uneven by wear, and must be repaired by planks thicker than the half-worn planks which they adjoin, and flag-stones are thrown out of level by the freezing of the ground. In all such cases, where the defect is obvious, the circumstances must be exceptional to authorize a recovery. I think they are not shown to be so in this case, and therefore concur in the result reached by my Brother GRANT.

MONTGOMERY, J. (*dissenting*). The common council of Detroit ordered sidewalks to be constructed, on the east side of Fisher avenue, from Jefferson avenue north, a distance of about 2,000 feet. The entire walk was constructed in the fall of 1892, with the exception of about 30 feet in front of one lot. Plaintiff, while traveling along the walk on the evening of the 12th of April, 1893, towards the north, stepped from the walk to the ground, and, after traveling the distance across the lot, caught his foot in the

same, and fell, receiving the injuries for which he re-covered in this action.

No question is raised over the care exercised by plaintiff, nor is it open to question that, the work having been undertaken by the city, and the walk north and south of this section having been completed months before, the city had ample notice of the condition of the walk. Defendant's contention is that the statute does not make a city liable for failure to construct a sidewalk; that liability arises only upon and for a failure to keep its sidewalks, etc., in repair; and in this construction we think the learned counsel is right, so far as he asserts a general proposition. *Williams* v. *City of Grand Rapids*, 59 Mich. 51; *Alexander* v. *City of Big Rapids*, 76 Mich. 282. But what is meant by a defect in a sidewalk already constructed? This sidewalk which caused the injury was constructed and existed. The city was responsible for its care. Its abrupt termination was the cause of the injury, and this was neither necessary nor contemplated as a part of the plan of construction. *Shippy* v. *Village of Au Sable*, 85 Mich. 280. Under these circumstances, it was a question for the jury whether this constructed walk was in a condition reasonably safe and fit for public travel. If it was not, the responsibility of the city was none the less, because to render it safe it became necessary to build 30 feet of walk, than it would have been if a single plank needed supplying, provided the city had ample notice and reasonable time to repair the defect.

I think no error was committed in submitting the case to the jury.

Judgment should be affirmed.