LOUISE WEISSE v. THE CITY OF DETROIT.

*Municipal corporations—Defective cross-walks.*

A rise in a cross-walk, caused by one end of a plank, lying lengthwise in the walk, being raised two inches above the adjoining plank, is not a defect in the walk, so that it is not reasonably safe, within the meaning of 3 How. Stat. § 1446e, which makes it "the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they will be reasonably safe and convenient for public travel," all cross-walks that are within their jurisdiction, and that are under their care and control, and which are open to public travel.

Error to Wayne. (Hosmer, J.) Argued February 12, 1895. Decided May 28, 1895.

Negligence case. Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*John J. Speed*, for appellant.

*Dickinson, Thurber & Stevenson* (*Henry M. Cheever* and *Charles B. Warren*, of counsel), for plaintiff.

LONG, J. This action was brought to recover damages for injuries received by reason of a defective cross-walk in the city of Detroit. Plaintiff recovered verdict

and judgment for $500 in the court below. Defendant brings error.

The declaration alleged that the plaintiff, while passing along the street, in the evening of April 22, 1892, fell by reason of a defect in the cross-walk, which was caused by the end of a plank, which was lengthwise in the cross-walk, being loose, and being raised up above the walk some two inches or more. The plaintiff testified that the plank was up about one and one-half inches. Another witness testified that the plank was up three-quarters of an inch above the plank which joined it; that it bowed somewhat in the middle, and the end would spring up and down as it was stepped on. Testimony was also given tending to show that it had been in that condition about two weeks before the accident, and that others had fallen there, by reason of the defect, before the plaintiff was injured.

It is contended by counsel for the city that, notwithstanding the plaintiff was injured, and the walk was defective, the defect was not such as to make the walk unreasonably unsafe or unfit for ordinary travel, and the court below was asked to so charge, which was refused. The accident happened at the intersection of Porter and Twenty-Third streets, some two miles from the business part of the city, and, counsel contends, where there was no great amount of travel; that, therefore, the court should have said as a matter of law that no such defect existed as authorized a recovery.

The statute provides:

"It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they will be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, cross-walks, and culverts that are within their jurisdiction and under their care and control, and which are open to public travel," etc.   Section 3, Act No. 264, Laws of 1887, being section 1446e, 3 How. Stat.

This is an amendment of Act No. 244, Laws of 1879 (How. Stat. § 1445), which provided:

"It is hereby made the duty of townships, villages, cities, or corporations to keep in good repair, so that they shall be safe and convenient for public travel at all times, all public highways, streets, bridges, cross-walks, and culverts that are within their jurisdiction and under their care and control, and which are open to public travel," etc.

The act of 1879, it will be observed, made it the duty of the township, village, or city to keep its streets, cross-walks, etc., in good repair, "so that they shall be safe and convenient for public travel;" while the amendatory act of 1887 provides a duty to keep them "reasonably safe." Can we say, as matter of law, that this walk was reasonably safe and convenient for public travel? It would be a great burden upon townships, villages, and cities if it be held that every slight rise in a walk makes it not reasonably safe and convenient for public travel. In the present case the rise was from $1\frac{1}{2}$ to 2 inches. The plaintiff was injured by "stumbling against it," as she says. There are, and must of necessity be, at many places in walks, and especially in cross-walks, rises greater than this by which the plaintiff was injured. In many street crossings, and especially where asphalt or brick pavements are used, the cross-walks are on a level with the street, with a step down of several inches below the level of the sidewalk. Can it be said that every one of these cross-walks is not reasonably safe and convenient for public travel? We think not. The Legislature, by the amendment, evidently intended that the walks should be kept reasonably safe, and not absolutely safe. In cities having many miles of walks it would be an utter impossibility to make these walks absolutely safe, and the Legislature did not intend to impose that duty upon municipalities by this act, whatever construction the act of 1879 may have had. It would require an army of men in the city of Detroit to do

this. Inspectors are not expected to carry around with them a smoothing plane or an adz to plane or hew down every small protuberance against which people might stumble and fall. The fact that this plank was not nailed down does not seem to have caused the injury. It was the same as if it had been nailed, but was $1\frac{1}{2}$ or 2 inches above the other, so that the question is squarely presented whether such a rise is a defect in the walk so that it is not reasonably safe. While not desiring to relieve municipalities from the duties and responsibilities fairly cast upon them by this act, we should be careful not to cast a burden upon them which it was not the intent of the Legislature to create.

In *Schroth v. City of Prescott,* 63 Wis. 652, it was held that an inclination of $3\frac{3}{4}$ inches in a distance of $2\frac{1}{2}$ feet in a plank sidewalk is not such a defect as would render the city liable for personal injuries alleged to have been caused thereby. It was there said:

"Its resources are doubtless inadequate to bring all of its walks to a dead level, and the law does not impose upon it any such duty."

In the case of *Corporation of City of London v. Goldsmith,* 16 Can. Sup. Ct. 231, reported in 31 Amer. & Eng. Corp. Cas. 56, action was brought against the city for damages caused by the plaintiff's striking her foot against a street curb raised above the level of the crossing, and falling down, by which she was seriously injured. The crossing was from four to six inches below the sidewalk. Ritchie, C. J., speaking for the court said:

"To hold that such a liability was intended to be imposed by the legislature on municipal bodies would be most unreasonable, and would practically burden municipalities to an extent that could never have been contemplated by the legislature."

Mr. Justice Gwynne said in the case:

"The fact that the sidewalk was four to six inches above the level of the roadway was no evidence, proper

to be submitted to the jury, of neglect by the corporation of any legal duty, so as to make them responsible therefor, and the plaintiff should have been nonsuited."

A like question arose in *Miller v. City of St. Paul*, 38 Minn. 134, and it was held that the city was not liable.

In the present case, had the plank been raised but an inch or half an inch, the plaintiff might have stumbled against and over the projection. We think there was no question for the jury. It is unlike the cases referred to by counsel for plaintiff in which it was held that it was a question for the jury whether the street was in a reasonably safe condition and fit for travel. These cases— *Malloy v. Township of Walker*, 77 Mich. 448, and *Sharp v. Township of Evergreen*, 67 Id. 443—present very different facts from the present.

The question of rises in walks, and the necessity for them, was discussed in *Bigelow v. City of Kalamazoo*, 97 Mich. 121. There the plaintiff was injured by slipping upon the beveled edge of a plank. The plank of the street crossing had been chamfered off to permit the street cars to go over. It was there said:

"These crossings are not absolutely safe, but they may be reasonably so. Neither streets, sidewalks, nor crosswalks can be constructed upon a dead level. * * * Cities are not required to keep streets in a condition absolutely safe for travel. A cross-walk must be reasonably safe; reasonably safe in view of the purpose for which it is constructed, the necessary uses of the street, and all the varying conditions."

The city prevailed in that cause, and the judgment was affirmed.

If the plaintiff could recover in this case, every municipality would be compelled to exercise the most vigilant care over its streets to see that no rise of two inches occurred along the line of travel on side and cross walks. The statute will not bear this construction. The Legislature of 1887 evidently regarded the statute of 1879 as imposing too great a burden upon municipalities, and

therefore enacted that the street must be reasonably safe, and not absolutely safe. We think this street was reasonably safe, within the meaning of the act of 1887, and the court below should have given defendant's request to charge.

The judgment of the court below must be reversed, with costs of both courts. No new trial will be awarded.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred with LONG, J.

MONTGOMERY, J.   I think there was a question for the jury.