## YOTTER v. CITY OF DETROIT.

DEFECTIVE SIDEWALK—INEQUALITIES IN SURFACE—LIABILITY OF MUNICIPALITY.

A sidewalk, the only defect in which consists of an abrupt rise of two inches above the level of the walk, occasioned by planks' having been laid lengthwise thereon to permit of the passage of teams to adjoining premises, is reasonably safe for public travel, within the meaning of 3 How. Stat. § 1446e, making it the duty of a municipality to maintain its walks in that condition. *Weisse* v. *City of Detroit*, 105 Mich. 482, followed.

Error to Wayne; Hosmer, J. Submitted October 10, 1895. Decided October 22, 1895.

Case by Charlotte Yotter against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff fell upon a sidewalk of the defendant city, early in the evening, " between dark and dusk," as she expressed it. The negligence alleged is:

"That on a part of the street there was a two-inch plank sidewalk, some laid crosswise of said street and

some lengthwise; and plaintiff avers that, contrary to defendant's legal duty, it permitted said sidewalk to become and be for a long space of time, to wit, six months prior to plaintiff's injury, improperly constructed and out of repair, by allowing a rise suddenly and of a great height, to wit, three inches, to be therein; that said break was not beveled or champered in any way, but suddenly, and at right angles with the lower sidewalk, rose therein, which of itself was very dangerous to passers upon the said sidewalk, especially in the night-time, as plaintiff was at the time of her injury; and plaintiff avers that the said sudden break or rise in the sidewalk was an obstruction to the way, and a pitfall to passengers on foot who might have occasion to pass and repass along said highway in pursuit of their legal business. And plaintiff avers that the particular walk hereinbefore described was negligently and improperly kept up and maintained by the defendant, the city of Detroit, for a long space of time, in this, to wit, that the ends east and west on said sidewalk were not champered and sloped, or the sidewalk level, but were allowed by the weather or decay, or being improperly and insecurely laid and fastened in the first instance, to rise one above the other, so as to be an obstruction upon and in said sidewalk, against which the foot passenger would be liable to run and stub his, her, or their foot, and trip or throw them, to their great injury."

The walk was constructed of planks or boards laid crosswise. Either upon this were laid lengthwise two-inch planks about six feet long, nailed to the walk, or else this part of the original walk had been removed, and the new part constructed with the ends above the original walk. Plaintiff's witnesses differ upon this point. It is, however, immaterial. The lots opposite were vacant, and had been frequently used for circuses. Heavy loads were drawn over the walk, and the planks were so laid for the purpose of strengthening the walk, and rendering it safe for the passage of teams. The ends were not champered off. The sidewalk had been in this condition for about three years. The ends of the second and third planks from the inside had become loosened, but rested firmly upon the walk or timber beneath. By lifting, the ends

could be raised about three-fourths of an inch. The fact that these ends were loose is not shown to have contributed to the accident to plaintiff. The fault, if any, lay in the original construction, and this is evidently the sole negligence upon which the declaration is based. The plaintiff so understood it, for she testified: " So far as I could see, that was the original way the walk was put down. They had built it in that way, one on top of the other, and curled or warped up at the sides or ends. That is what I complain of,—that they built the walk in that way." She lived in the immediate vicinity, and was familiar with the construction of the walk, as she had frequently passed over it.

*John J. Speed,* for appellant.

*James H. Pound,* for appellee.

GRANT, J. *(after stating the facts).* This case is nearly identical in its facts with *Weisse* v. *City of Detroit,* 105 Mich. 482, and is clearly within the rule there established. The cross-walk in the present case was not in as bad condition as was the one in that case, the ends of which would spring up and down when stepped on, while this was solid on the walk or timbers under it. It is sought to distinguish this case from that, because this walk was not a crossing at the intersection of public streets. We think there is no force in this distinction. The city had the right to authorize or permit the owner of the adjoining land to construct a cross-walk similar to those which it might lawfully construct. The existence and construction of this cross-walk were as well known to the residents in that vicinity as were those of any street cross-walk. There is, therefore, no reason in holding that the one was reasonably safe while the other was not. The statute imposing liability is stated in *Weisse* v. *City of Detroit.* This case was tried in the court below before the decision in that case was rendered.

Judgment reversed, with the costs of both courts, and no new trial granted.

McGrath, C. J., Long and Hooker, JJ., concurred with Grant, J.

Montgomery, J.  I concur in the foregoing opinion for the reason that I think the question concluded by *Weisse* v. *City of Detroit*, 105 Mich. 482.