JACKSON v. CITY OF LANSING.

MUNICIPAL CORPORATIONS—DEPRESSION IN SIDEWALK—LIABILITY.
A cement sidewalk on a principal street of a city does not become in a condition not reasonably safe for public travel through the formation therein of an irregular depression from 1½ to 2 feet in area and from 1½ to 3 inches deep, caused by the breaking out of the cement at the top and the wearing of the grouting beneath.

Error to Ingham; Person, J.   Submitted June 8, 1899. Decided September 19, 1899.

| | |
|---|---|
| 121 | 279 |
| 126 | 156 |
| 121 | 279 |
| s80NW | 8 |
| 121 | 279 |
| d134 | 30 |
| 121 | 279 |
| 137 | 275 |
| 121 | 279 |
| 142 | 695 |
| d142 | 696 |
| 121 | 279 |
| f146 | 383 |
| 121 | 279 |
| 154 | 303 |

Case by Harriet Jackson against the city of Lansing for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

R. A. Montgomery and Dean & Hooker, for appellant.
Charles B. Collingwood, for appellee.

LONG, J.   This action was brought to recover for injuries sustained by plaintiff, occasioned by stepping into a depression or hole in a cement sidewalk on the main street in said city. The facts stipulated on the trial were that plaintiff was 69 years of age, and that while walking upon the sidewalk on Washington avenue, the principal business street of said city, where the travel was greatest, and while she was in the exercise of due care and caution, she fell and was injured by stepping into a hole in the artificial stone walk, the hole being caused by the breaking out of the top cement and the wear of the grouting beneath, whereby an irregular hole or depression was formed, not, however, going through the grouting; that this hole or depression was 1½ to 2 feet in area; that the sides, except on the south, were not abrupt, but sloped towards a center, which was from 1½ to 3 inches deep or below the level of

the walk; that on the south side the hole was abrupt, with a depth of about 1½ inches, the edge of the block or square of artificial stone walk forming the edge of the hole or depression; that through such fall plaintiff suffered severe bodily injury, to her damage, etc.; that said defect in the walk was of many months' standing, and one which had been noticed by several parties long previous to the accident. The court below directed the verdict in favor of defendant. Plaintiff brings error. This instruction is assigned as error.

It has many times been held that municipalities are not required to keep such walks in perfectly safe condition. They are liable only when the walks are not reasonably safe. This entire defect was caused by the breaking out of the top hard crust and the wear of the grouting beneath. The defect was not one which rendered the walk not reasonably safe, within the meaning of the statute. In *Weisse* v. *City of Detroit*, 105 Mich. 484, it appeared that there was a rise in the walk from 1½ to 2 inches in height, against which plaintiff stumbled, and it was held that the walk was reasonably safe, within the meaning of the act. So, in *Yotter* v. *City of Detroit*, 107 Mich. 4, there was an abrupt rise of two inches, occasioned by planks being laid lengthwise, and the same rule was applied. In *Shietart* v. *City of Detroit*, 108 Mich. 309, the defect complained of was leaving an abrupt end of a sidewalk without the continuance of the walk beyond that point, and it was this end of walk that occasioned the injury. It was a few inches above the level of the ground. Mr. Justice Hooker, in a concurring opinion in that case, said:

"It was perfectly safe to all except the heedless, and the public should not be required to make walks so smooth that people cannot stub their toes upon them. Sidewalks in many places require steps, single or in flights, and cross-walks are often upon a different level from the sidewalks which they join. Manholes for sewers must have covers which are above the level of the pavement. Wooden sidewalks become uneven by wear, and must be

repaired by planks thicker than the half-worn planks which they adjoin; and flagstones are thrown out of level by the freezing of the ground. In all such cases, where the defect is obvious, the circumstances must be exceptional to authorize a recovery."

So, it may also be said that cement sidewalks may, by freezing and thawing, become broken, or, by constant travel, may wear through the outer crust and into the grouting. It would then be no greater obstacle to reasonably safe travel than the rise in the walks in the cases cited.

We think, under the stipulated facts, the court was not in error in directing the verdict for defendant. The judgment will be affirmed.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.