URTEL *v*. CITY OF·FLINT.

1. SIDEWALK—DEFECTIVE CONDITION—QUESTION FOR JURY.
   Whether a sidewalk which contained a plank broken in such a way as to make a depression of from four to six inches in width, fifteen to eighteen inches in length, and two to three inches in depth, which, when stepped upon, sunk to the ground, a distance of from three to four inches, was reasonably safe for travel, is a question for the jury.

2. SAME—CONSTRUCTIVE NOTICE.
   A city is chargeable with notice of a defect in a sidewalk which had existed for several months, and could be seen for two rods.

3. SAME—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.
   Mere previous knowledge of a hole in a sidewalk does not render one who was injured because of it guilty of contributory negligence in failing to avoid it, without regard to his having it in mind at the time, or to the care which he was exercising.

| 122 | 65 |
| 124 | 605 |
| 122 | 65 |
| 125 | 627 |
| 122 | 65 |
| s80NW | 991 |
| 122 | 65 |
| s80NW | 991 |
| 131 | [3]448n |
| 122 | 65 |
| 137 | [1] 56 |
| 122 | 65 |
| j146 | [3]180 |
| 122 | 65 |
| 150 | [1]250 |

Error to Genesee; Wisner, J.   Submitted October 6, 1899.   Decided December 2, 1899.

Case by Charles Urtel against the city of Flint for personal injuries.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Ed. S. Lee* (*J. S..Parker*, of counsel), for appellant.

*Brennan & Cook*, for appellee.

MONTGOMERY, J.   The plaintiff recovered a verdict and judgment for $450 for injuries sustained by stepping into a hole in a sidewalk, which, it is alleged, the defendant city allowed to become and remain in a dangerous condition.   The averment as to the fault of the city is as follows:

"By allowing one of the planks of said sidewalk to be-·

come broken and splintered, thereby making a depression on the surface of said walk of from four to six inches wide, and fifteen to eighteen inches in length, and about two to three inches in depth, which depression, when subjected to the weight of a person's foot and body, caused the splintered portion of said plank, to wit, the depression above described, to sink to the ground beneath the sidewalk, a distance of from three to four inches."

There was testimony fairly tending to support the plaintiff's allegation as to the character of the defect, and also tending to show that the sidewalk in question had been in the condition described for at least two months prior to the injury to plaintiff.

Defendant's counsel contend that such a depression is not a dangerous place, and is reasonably safe and fit for travel, within the meaning of the statute. The question was raised by objection to proofs under the declaration, and also by request to charge. Counsel cite, in support of this contention, *Weisse* v. *City of Detroit*, 105 Mich. 482, and *Yotter* v. *City of Detroit*, 107 Mich. 4. In each of the cases cited, the defect alleged was a rise in the sidewalk. In the first case it was stated that the fact that the plank was not nailed down did not seem to have caused the injury. It was the same as though it had been nailed, but was 1½ to 2 inches above the other, so that the question was fairly presented whether such a rise was a defect in the walk so that it was not reasonably safe. It was said, in disposing of the case:

"If the plaintiff could recover in this case, every municipality would be compelled to exercise the most vigilant care over its streets, to see that no rise of two inches occurred along the line of travel on side and cross walks."

The *Yotter Case* follows this holding. These two cases follow the holding that a rise of from two to three inches in a sidewalk is not such a defect as makes the city chargeable under the statute. The duty is thrown upon the traveler to look out for such slight variations in the

walk, and it is assumed that, when properly used, no damage is likely to occur to a pedestrian traveling such a walk. This case presents a very different aspect. The defect did not consist in a slight rise in the sidewalk, but, according to the averments, the plank in question was broken so that there was a depression of from two to three inches, and which was most dangerous. When stepped on, it would sink down three or four inches, thus acting as a trip to one unused to stepping on the plank. We are satisfied that it was a fair question for the jury as to whether the walk was in a condition reasonably safe and fit for travel.

It is further contended that there was no evidence of direct notice to the officers of the city, and that the character of this depression was not such as to afford constructive notice. The defendant raised this question by a request as follows:

"In this case there is no evidence of notice to the city of the defective condition of the plank in the place in the walk called the 'driveway,' where plaintiff, by his proof, claims he was injured. There is no proof of any actual notice, and the defect in the plank, as described by all the witnesses, was a latent one, not easily observed, and it was not such a defect as would be notice of itself to the city."

There was testimony by numerous witnesses that this defect in the walk had existed for a number of months, and that it could be discovered at a distance of two rods. The defect could not, as matter of law, be said to be latent. *Menard* v. *City of Bay City*, 114 Mich. 450.

It is also urged that, as plaintiff had previous knowledge of the hole in question, he was guilty of negligence in stepping into the hole. The question was raised by the following request:

"The plaintiff in this case knew of the defect. To go to his home, the evidence shows, he might have avoided the place by walking on the other side of the street. I charge you that he is guilty of contributory negligence, and cannot recover."

This request treats previous knowledge of the defect as sufficient to bar recovery, without regard to whether the plaintiff had it in mind at the time, or to the care taken to avoid injury. The rule proposed in this request is not in harmony with our previous holdings, and the request was properly refused. *Lowell* v. *Township of Watertown*, 58 Mich. 568; *Sias* v. *Village of Reed City*, 103 Mich. 312; *Schwingschlegl* v. *City of Monroe*, 113 Mich. 683. See, also, *Crites* v. *City of New Richmond*, 98 Wis. 55, and cases cited.

Some complaint is made of the language used by counsel in the argument to the jury. We do not think it was of such a character as to influence the verdict.

The judgment is affirmed, with costs.

The other Justices concurred.