## KOPELKA v. CITY OF BAY CITY.

DEFECTIVE SIDEWALK—CONTRIBUTORY NEGLIGENCE.

*K. stepped into a small hole in a sidewalk in the night. He and others were accustomed to walk over it daily. There was evidence that the hole was filled with leaves and dirt. The jury viewed the walk, and the nearest electric light, if it was burning, was 300 feet distant. *Held,* that the question of contributory negligence was for the jury.

Error to Bay; Shepard, J. Submitted December 7, 1900. Decided January 29, 1901.

Case by Charles Kopelka against the city of Bay City for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff left his home at half past 9 o'clock on November 24, 1899, to go to a grocery near by to buy some tobacco, stepped into a hole in the sidewalk, about 12 inches long by 6 or 8 inches wide, fell, and fractured his ankle. Plaintiff worked in a lumber yard near by, and had for several years walked over this sidewalk to and from his home every day. It was in bad condition. The negligence of the defendant is conceded, unless it was under no obligation to look after the walk.

The sole defense is, assuming the defendant is liable for the condition of the walk, that the plaintiff knew of its condition, and that it was so bad that he had no right to walk over it, but should have walked in the street, or passed over to the sidewalk on the other side. The city employed two men in every ward to look after the sidewalks, but they had not reported or repaired this one. Policemen were also required to notify them of all holes throughout the city, but no notice of this hole had been

---

* Head-note by GRANT, J.

given. Mr. Orr, the city attorney, was called as a witness by the plaintiff. He went to see the sidewalk the second day after the accident. He described its condition as follows:

"The hole, I think, was between the fourth and fifth boards. There were no boards broken. There were three stringers under the sidewalk. The sidewalk was from 2½ to 3 inches from the ground at the bottom of the planks, by measurement. The highest that the sidewalk was above the ground was 3 inches. Some places it almost touched the ground. I will further say, at the time I noticed the electric light. There were no leaves on the trees at all. The electric light was about 300 feet south of there. Standing on the end of the sidewalk, and stooping down so you could look at the light, the light would shine squarely just past the first tree on the corner, and right down on the sidewalk. * * *

"Q. How large was this hole in the walk?

"A. The hole, I should judge, was perhaps 6 or 8 inches, maybe 8 inches wide at the widest part, and, I should judge, not more than a foot long.

"Q. Did it go down far?

"A. No; while I was there it was filled up with dirt and leaves and stuff that had apparently gathered in there and filled it up, so that where the hole actually was, up to the bottom of the planks, it was newly-made dirt and leaves that had fallen in.

"Q. This hole was the only defect you observed in the surface?

"A. It was the only hole in the sidewalk at that time."

Plaintiff testified that he did not know whether the electric light was burning at the time or not. While various witnesses testified to the bad condition of this sidewalk, yet they all used it. Just how long the hole had been there is not shown.

Besides the testimony appearing upon the record, the jury, at the request of the defendant, were sent to view the sidewalk and the situation. They were therefore in position to determine whether the electric lights, which the defendant claims were burning on the night in question, would shine upon the sidewalk so as to disclose the hole.

*Brakie J. Orr*, for appellant.

*Isaac A. Gilbert*, for appellee.

GRANT, J. (*after stating the facts*).  1. It is conceded that the sidewalk was then within and a part of the public highway.   As between the public and the city, the latter was responsible for its condition, and liable for injuries resulting from its negligence to keep it in repair.   It is immaterial whether the walk was constructed with or without the order of the council.

2.  Complaint is made of the following instruction:

" If, under the circumstances as they appeared, and as detailed to you, he [the plaintiff ] may not have deemed it to be unsafe and dangerous to walk on, and he thought it was proper and suitable for him to walk there, and you find he was justified in using it as he did, then, that place having remained there so long, it was the duty of the city to have put it in repair; and the city, so far as that is concerned, not having put it in repair, in case a person is injured without fault on their part, the city would be liable."

The objection urged is that the jury would infer that the plaintiff was the one to determine whether he considered the sidewalk safe for him to walk over.   Taken in connection with the entire charge, we do not think it possible that the jury could have so understood the instruction.   In another part of his charge the court expressly said that if the plaintiff saw or knew of the dangerous place, and there was a safe place right beside it of which he could avail himself, he should have done so.   We think, taking the charge altogether, it was a correct exposition of the law.

3. The question of contributory negligence was for the jury to determine.   The case is controlled by *Germaine* v. *City of Muskegon*, 105 Mich. 217 (63 N. W. 78);. *Schwingschlegl* v. *City of Monroe*, 113 Mich. 685 (72 N. W. 7); *Urtel* v. *City of Flint*, 122 Mich. 65 (80 N. W. 991).   See, also, *Sias* v. *Village of Reed City*, 103

Mich. 312 (61 N. W. 502); *Crites* v. *City of New Richmond*, 98 Wis. 55 (73 N. W. 322).

Some questions are raised upon the admission of testimony bearing upon the question of damages. Considering the smallness of the verdict,[1] we do not think it possible to find that the jury were prejudiced by its admission, even if it should have been excluded.

We think the case was fairly tried,.and it is affirmed.

The other Justices concurred.