CALDWELL *v.* CITY OF DETROIT.

HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — INJURIES TO PEDESTRIANS—INSTRUCTIONS.

In an action against a city for injuries on an alleged defective sidewalk, an instruction that the city was required to keep its walks "in suitable repair," so that persons traveling over them, using ordinary care, might do so in safety, is erroneous, as imposing a higher degree of care on the city than is required by the statute (1 Comp. Laws, § 3441).

Error to Wayne; Frazer, J. Submitted June 16, 1904. (Docket No. 3.) Decided October 4, 1904.

Case by George E. Caldwell against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*P. J. M. Hally* and *A. B. Hall* (*T. E. Tarsney,* of counsel), for appellant.

*William M. Mertz* (*Dalton, Mertz & Renaud,* of counsel), for appellee.

MONTGOMERY, J. The plaintiff recovered a verdict and judgment of $1,000 for injuries sustained by stepping into a hole in a defective walk. The defendant brings error.

The circuit judge charged the jury as follows:

" The law requires the city to keep its sidewalks in suitable repair, so that persons traveling over them, exercising ordinary care, may do so with safety. It is essential that this should exist at all times, and unless the city of Detroit does this, and anybody suffers an accident or injury on account of it, they would be liable in damages to the person so injured. If the sidewalk on Frederick street was in a defective condition, it is essential that the city would have had knowledge of this defective condition,

and this knowledge should be either by actual notice to the city authorities, such as somebody seeing it and reporting it to some city authority, or it must have existed so long that the city was bound to take notice of the defect. This latter form of notice is what is known as constructive notice; that is, that the city shall be deemed to have known of this defect if it had existed for an exceptional length of time, for them to have known of it by an ordinary fair inspection of it."

It is contended that this charge fixed a higher standard than is required by 1 Comp. Laws, § 3441. It is undoubtedly true that, speaking in the abstract, the duty imposed by the statute is that of keeping the sidewalk and street in *reasonable* repair, and in a condition *reasonably safe* and *fit* for public travel. Indeed such is the language of the statute, and it has often been pointed out that a broader rule ought not to be given to the jury. *Shippy* v. *Village of Au Sable*, 65 Mich. 494 (32 N. W. 741); *Bigelow* v. *City of Kalamazoo*, 97 Mich. 121 (56 N. W. 339); *Weisse* v. *City of Detroit*, 105 Mich. 482 (63 N. W. 423); *Yotter* v. *City of Detroit*, 107 Mich. 4 (64 N. W. 743); *Gilson* v. *City of Cadillac*, 134 Mich. 189 (95 N. W. 1084).

It is urged, however, that the instruction in the present case could not have misled the jury, as the testimony given on behalf of plaintiff was not disputed. The jury are to judge, however, as to whether the sidewalk in the condition described was in reasonable repair, and in a condition reasonably safe and fit for public travel. The question is one for the jury, and not for the court, except in a case altogether free from doubt. In determining this question, the jury have the right to consider the location of the walk, whether in a greatly frequented part of the city, or in a less traveled place. We are not able to say that the misdirection may not have affected the result.

The other questions are unlikely to occur on another trial.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.