WEDDERBURN *v.* CITY OF DETROIT.

1. HIGHWAYS AND STREETS—DEFECTIVE SIDEWALKS—MUNICIPAL CORPORATIONS — PERSONAL INJURIES — NEGLIGENCE — QUESTION FOR JURY.

Whether it was negligence for a city to leave for a long time, upon a sidewalk that was traveled by a large number of persons, a flagstone 3½ inches thick, is a question for the jury.

2. SAME — CONTRIBUTORY NEGLIGENCE — DEFECTIVE SIGHT — EVIDENCE.

Where plaintiff stumbled over a flagstone 3½ inches thick, which had been left upon the sidewalk, the defective condition of her sight may be shown as bearing upon the question of due care upon her part.

Error to Wayne; Frazer, J. Submitted June 6, 1906. (Docket No. 6.) Decided July 3, 1906.

Case by Emma Wedderburn against the city of Detroit for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Harry G. Van Syckle,* for appellant.

*P. J. M. Hally (T. E. Tarsney,* of counsel), for appellee.

MOORE , J. This action is brought to recover for injuries received by plaintiff upon a sidewalk which she claims was not kept reasonably safe and fit for travel. The circuit judge directed a verdict in favor of defendant. The case is brought here by writ of error.

Counsel for the city say in their brief that there is practically but one question, namely: Was the defendant guilty of negligence? The negligence complained of was the leaving for a long time upon a sidewalk that was traveled by a large number of persons, a flagstone 3½

inches thick, over which the plaintiff stumbled when she claims she was in the exercise of due care. The circuit judge was of the opinion that it was not such negligence to leave this obstruction as would create liability upon the part of the city, and for that reason directed a verdict. We think this was error, and that it should have been left to the jury to say whether, under all the circumstances, the defendant was negligent. See the opinion written by Chief Justice HOOKER in *Finch* v. *Village of Bangor*, 133 Mich. 149.

The plaintiff was not allowed to show the condition of her eyesight. We think this was admissible as bearing upon the question of due care upon her part.

Judgment is reversed, and new trial ordered.

CARPENTER, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.