BENNETT *v.* CITY OF ST. JOSEPH.

HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — ACTIONABLE DEFECTS—MUNICIPAL CORPORATIONS—TORTS—NEGLIGENCE.

A depression in a cement sidewalk 1⅞ inches deep, caused by one of the stones being allowed to settle that distance below the level of the one adjoining it, is not an actionable defect, making the city liable for an injury to a pedestrian caused thereby.

Error to Berrien; Coolidge, J. Submitted October 11, 1906. (Docket No. 66.) Decided November 13, 1906.

Case by Rebecca Bennett against the city of St. Joseph for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

The defendant city has 18 miles of cement sidewalks and 2 miles of board sidewalks. On one of its principal streets the cement walk was 10 feet wide, and was composed of two tiers of cement blocks or slabs, each block being five feet square. There was a depression in one place at the junction of the blocks, probably caused by the excavation of a sewer underneath, in refilling which the ground had not been solidly packed. The greatest depression was in the center of the walk, and was only, by actual measurement, 1⅞ inches, and from the center approached to the level at the edge of the sidewalk. In her statement, filed with the common council, claiming damages, she stated that the depression was from 1½ to 2 inches in depth. The court was requested at the close of the evidence to direct a verdict for the defendant, which request the court refused.

*N. A. Hamilton*, for appellant.
*Samuel H. Kelley*, for appellee.

GRANT, J. (*after stating the facts*).    Municipalities are not required to keep their streets and sidewalks absolutely smooth.    There have always been depressions and elevations in both.    A condition of reasonable safety is all that the law requires.    This court has repeatedly held that depressions equal to, and deeper than, this, and elevations constituting as great, or greater, obstructions than this depression, do not constitute negligence on the part of municipalities.    *Jackson* v. *City of Lansing*, 121 Mich. 279, and authorities there cited.

One of the plaintiff's witnesses, a physician, on his direct examination, testified that he had passed over this every day of his life and had never met with an accident.

" I lifted up my feet and stepped over it.    It was not much of a step.    A little notch there — any one going along and not looking might stub their toe, but I never stubbed my toe there."

This disposal of the case renders a discussion of the other questions immaterial.

Judgment reversed, and no new trial granted.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.