## McINTYRE v. CITY OF KALAMAZOO.[1]

HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — ACTIONABLE DEFECTS—MUNICIPAL CORPORATIONS—TORTS—NEGLIGENCE.

The building of two contiguous sections of sidewalk at different levels and connecting them by a cement apron or bridge of the length of 14 inches, having a drop in that length of from 1½ to 6 inches, the apron itself not being out of repair, does not constitute an actionable defect, so as to make the city liable for an injury to a pedestrian caused thereby, though the apron at the point where the injury occurred was 1½ inches higher than the higher walk.

Error to Kalamazoo; Adams, J. Submitted June 2, 1908. (Docket No. 6.) Decided September 29, 1908.

Case by Anna McIntyre against the city of Kalamazoo for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*W. L. Fitzgerald* (*H. Clair Jackson*, of counsel), for appellant.

*Harry C. Howard*, for appellee.

OSTRANDER, J. The cause of plaintiff's injury is not doubtful. Walking in the dark along a cement sidewalk, she came to a point where it joined a tar walk built upon a level a few inches lower than the cement walk. She fell on the tar walk as she stepped from the cement walk; the reasonable inference from her testimony and from that showing existing conditions being that in her last step no allowance was made for the difference in the levels of the walks. She testified: "I apparently stepped into space." The walks were joined by a cement apron, resting on the tar walk, having a face, inclined, of at least 14 inches. Both walks had been constructed, and the cement apron

---

[1] Rehearing denied November 2, 1908.

had been in place, for many years, and were, on the night in question, in the condition, substantially, they were when first laid. There is no testimony tending to prove that the sidewalk needed repairs.

The city is not charged with negligence in constructing or in maintaining the walks at different levels or according to a faulty plan. The case appears to have been tried upon the theory that the bridge or apron was the faulty thing. There is no testimony tending to prove that the alleged rough condition of the cement apron had anything to do with plaintiff's misfortune. She neither slipped nor stumbled. There was testimony tending to prove that in the center of the walks the difference in their levels was from 1½ to 2 inches; that the tar walk was higher in the center than it was at the sides, and that on the east side, where plaintiff walked, it was 6 inches or more from the level of the cement walk to the level of the tar walk; that the upper edge of the bridge, or apron, was higher than the general level of the cement walk; that the foot supporting plaintiff's weight at the instant of her fall rested upon the highest point of the concrete apron, the distance from that point to the tar walk being 7 inches or more. The jury were permitted to determine whether the walk as constructed and maintained was in a reasonably safe condition; plaintiff asserting that it was not, and defendant that it was. The declaration is not criticised, nor is the charge of the court.

It is contended that a verdict for defendant should have been directed (1) because the walk was not shown to have been in an unsafe condition; (2) because plaintiff was guilty of negligence contributing to her injury. It is contended, also, that the court should have instructed:

"Upon the undisputed evidence in this case the plaintiff cannot recover, because of the condition of the apron which joined the two walks in question. In other words, if the apron was as originally placed there or as shown by the evidence was ever a proper junction of the two walks, there is no evidence in the case that shows that the apron was out of repair to any extent to make the city liable."

Counsel are agreed that a city may lawfully construct and maintain connecting sidewalks at different grades or levels. With this concession the single meritorious point in plaintiff's case is that the city did more than this; that it attempted to bridge or to connect walks having different levels by a bridge or apron which was piled upon, overlaid, and elevated, by an inch and a half, the level of the higher walk. It is not claimed that this condition was not, in part, the cause of the injury. We are not able to distinguish the case, in principle, from *Weisse* v. *City of Detroit,* 105 Mich. 482; *Yotter* v. *City of Detroit,* 107 Mich. 4; *Shietart* v. *City of Detroit,* 108 Mich. 309; *Jackson* v. *City of Lansing,* 121 Mich. 279; *Bennett* v. *City of St. Joseph,* 146 Mich. 382. The walk did not need repairs. It was not defective, unless made so by the difference in the elevation of the walks. This, as the cases referred to and others distinctly affirm, is not ground for the ruling that the walk was not reasonably safe.

The judgment is reversed, with costs, and a new trial is granted.

Grant, C. J., and Blair, Montgomery, and Hooker, JJ., concurred.