NORTHRUP v. CITY OF PONTIAC.

1. APPEAL AND ERROR — MOTION FOR NEW TRIAL — WEIGHT OF EVIDENCE.

A verdict will not be set aside on the ground that it is against the weight of the evidence unless the question was presented to the trial court on motion for a new trial.

2. MUNICIPAL CORPORATIONS — SIDEWALKS AND CROSS-WALKS — DEFECTS—STREETS.

A grating which projects two inches or less above a sidewalk is not such a defect as to violate the duty of a municipality to keep its streets and walks in a condition of reasonable safety.

Error to Oakland; Smith, J. Submitted October 13, 1909. (Docket No. 62.) Decided December 30, 1909.

Case by Henry C. Northrup against the city of Pontiac for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed, and no new trial ordered.

*E. E. Hymers*, for appellant.

*Pelton & McGee*, for appellee.

BROOKE, J. The plaintiff was injured by falling upon a sidewalk in the city of Pontiac, October 10, 1908. The sidewalk in question was more than 15 feet wide, constructed of cement, and was located upon the principal business street of the city. At the time the walk was constructed, some five or six years prior to the injury to plaintiff, a hole or area had been left therein in front of the premises No. 55 Saginaw street. This hole was located close to the building and was from the date of construction to the date of the injury covered by an iron grating, 3 feet, 4⅜ inches long, 23⅜ inches wide, and weighing 117½ pounds. The grating was provided with an iron flange projecting upon all its sides, about 1½ inches; the

apparent purpose of the flange being to support the grating upon the surrounding walk when it was placed in the opening.   In the work of construction, either the area was made too small to accommodate the grate or (if the grate was made for that particular opening) it was made too large, with the result that, instead of dropping into the area and being supported by the extending flange, the entire grate lay upon the walk, covering the area.   This caused an obstruction at the point indicated, about 2 by 3 feet in superficial area, and above the level of the surrounding walk, at one corner, 1½ inches, and at another 1¾ inches.   The plaintiff, who was very familiar with the situation, claimed that he caught his toe under the projecting flange, that he fell, and was injured.   The accident occurred about 9:30 p. m. upon a rainy evening. Plaintiff had judgment.

The first assignment of error considered is that the verdict is against the weight of the evidence.   This question was not raised upon the motion for a new trial, and cannot, therefore, now be considered.   *Clarke* v. *Case*, 144 Mich. 148 (107 N. W. 893).

It is next urged that under the repeated decisions of this court the obstruction complained of, even conceding that it caused plaintiff's injury in the manner claimed, was not such as to render the walk not reasonably safe for public travel.   The cases relied upon by appellant are *Weisse* v. *City of Detroit*, 105 Mich. 482 (63 N. W. 423); *Yotter* v. *City of Detroit*, 107 Mich. 4 (64 N. W. 743); *Shietart* v. *City of Detroit*, 108 Mich. 309 (66 N. W. 221); *Jackson* v. *City of Lansing*, 121 Mich. 279 (80 N. W. 8); *Urtel* v. *City of Flint*, 122 Mich. 65 (80 N. W. 991); *Bennett* v. *City of St. Joseph*, 146 Mich. 382 (109 N. W. 604); *McIntyre* v. *City of Kalamazoo*, 154 Mich. 301 (117 N. W. 729).   The case of *Weisse* v. *City of Detroit*, *supra*, deals with a defective cross-walk, and therefore may be said to be not directly in point.   The others, including *Yotter* v. *City of Detroit*, deal with defective sidewalks.   A careful examination of all of them leads to

the conclusion that the court has held, as a matter of law, that an inequality of two inches or less in a sidewalk does not render it not reasonably safe for public travel. It is obviously difficult to determine at just what point a jury should be permitted to pass upon the question. The case at bar, however, in our opinion, clearly falls within the rules laid down in the cases cited, *supra*. It is urged by the plaintiff that those cases should be distinguished from this case, because the defects complained of were (generally) depressions; whereas, we are here considering an obstruction by way of elevation. In our opinion the distinction cannot be made. There can be no depression without a corresponding elevation, and no elevation without a corresponding depression. One is the complement of the other.

It was not the intention of the legislature to impose upon the municipality a duty beyond that of keeping its streets and walks in a condition of *reasonable* safety. To permit a depression or elevation of two inches or less, we have held to be no breach of that duty. To permit a recovery in the case at bar would impose upon municipalities a higher degree of care and a larger responsibility than they have heretofore borne, and from which, under our decisions, they have had the right to assume they were immune. In the case of *Wedderburn* v. *City of Detroit*, 144 Mich. 684 (108 N. W. 102), relied upon, by plaintiff, the obstruction, a flagstone, was 3½ inches thick, an elevation just twice as great as the one in the case at bar. There this court held the question of the reasonableness of the condition to be one for the jury; and that determination was quite in harmony with the cases here considered.

The judgment is reversed, and, as there is no dispute as to the negligence relied upon, there will be no new trial.

BLAIR, C. J., and GRANT, and McALVAY, JJ., concurred with BROOKE, J.

MOORE, J. I concur in the result.