BAKER v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—SIDEWALKS—OBSTRUCTIONS—NEGLI-
   GENCE—TRIAL.

   In reviewing a verdict and judgment for defendant, a municipal corporation, charged with negligence in maintaining in a sidewalk a water shut-off box on which plaintiff tripped, the court did not commit prejudicial error by a charge to the jury, that unless an obstruction existed two inches in

height the sidewalk was reasonably safe, if it did exist two inches it was a question of fact, but if two inches or less, there was no negligence on the part of the city; it being evident from the context that the court intended to say if the obstruction *exceeded* two inches the question was for the jury.

2. SAME.
The court was not in error in applying the rule that an inequality of two inches or less in a sidewalk does not render it dangerous for public travel.
OSTRANDER, C. J., and BIRD and MOORE, JJ., dissenting.

3. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.
The Supreme Court cannot consider an objection not brought to the attention of the trial court or based on an exception.

Error to Wayne; Murfin, J. Submitted January 16, 1911. (Docket No. 90.) Decided September 29, 1911.

Case by Rachel Baker against the city of Detroit for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Frederic T. Harward*, for appellant.

*Edmund Atkinson* (*P. J. M. Hally*, of counsel), for appellee.

McALVAY, J. This suit was brought by plaintiff against defendant to recover damages by reason of personal injuries claimed to have been caused by the negligence of defendant. The facts are that plaintiff, who resided at 121 Alfred street, at the corner of Brush street, in Detroit, on January 26, 1909, in company with another woman, was walking along the sidewalk on the north side of Alfred street, going east toward Brush street, to take a Beaubien street car. It was between 7 and 8 o'clock in the evening, and dark. There was a light on the corner of Alfred and Brush streets. Plaintiff was walking on the inside of the walk and claims that she caught her foot under an obstruction in the walk which caused her to fall heavily upon her hand, injuring it and her arm severely. She did not know what it was she

tripped on.   Her fall occurred between Nos. 129 and 135 Alfred street.   Her brother, who lived near, was told that she was hurt and went to her house to see her, and then went out to see what it was she had fallen over.   The only thing he discovered in the sidewalk was an iron water shut-off, being the usual iron circular box with an iron cover used by the defendant over a water cut-off on the city pipes.   The case was submitted to the jury upon the evidence introduced by both parties, under the charge of the court, and a verdict of no cause of action was returned in favor of defendant.   Plaintiff made a motion for a new trial which was denied, and a judgment was later entered upon the verdict.   Errors are assigned by plaintiff upon certain portions of the charge of the court, the admission of certain evidence, and the refusal to grant a new trial.   The disputed question upon the trial was whether, by reason of the water cut-off, which plaintiff claimed caught her foot and caused her fall, this sidewalk was not in a condition of repair reasonably safe for public travel.

Error is assigned to the following portion of the charge of the court in submitting this question to the jury:

"In this State our Supreme Court in construing this statute in more than one case has held that unless the obstruction complained of exists two inches in height or depression (in this case it is height), that unless it exists to that amount, the sidewalk is in a condition of repair reasonably safe and fit for travel.   If it does exist two inches, then it is a question for the jury, in the light of all the circumstances, to ascertain and determine whether or not the sidewalk is in a condition of repair reasonably safe and fit for travel.   But if the obstruction is two inches or less then there is no dereliction of duty on the part of the city."

There is no ambiguity in the last sentence of the paragraph quoted.   It is the conclusion of the statement evidently to make clear what preceded; the court saying:

"But, if the obstruction is two inches or less, then there is no dereliction of duty."

We know what should precede it in order to make sense, and upon examination we find that, if one word in the first clause of the sentence next preceding the one last quoted is changed, all ambiguity in this charge disappears. Using *exceed* instead of *exist*, the sentence reads:

" If it does exceed two inches, then it is a question for the jury," etc.

It is evident from the context that this is what the court intended to say. Whether the mistake was his or that of the stenographer in transcribing is immaterial. The meaning of the paragraph as printed is not obscure. The confusion in it claimed by appellant evidently was not apparent to the jury, as no explanation of its meaning was asked. The charge as given will not warrant the construction claimed.

Appellant further complains that the court was in error in charging the jury that they should be governed by fixed measurements in determining the liability of defendant. In *Northrup* v. *City of Pontiac*, 159 Mich. 250 (123 N. W. 1107), where many cases are cited, the court said:

"A careful examination of all of them leads to the conclusion that the court has held, as a matter of law, that an inequality of two inches or less in a sidewalk does not render it not reasonably safe for public travel."

The trial court was following the words above quoted used by this court. That case was where plaintiff caught his toe under the flange of a grating which projected above the sidewalk 1¾ inches, and is controlling in the instant case. We find no error in the charge.

Appellant contends that the court erred in permitting the plumber and his helper to describe the condition of this water box eight weeks after the accident. No objection was made to this testimony at the time, nor was any exception taken. This court cannot consider an objection not brought to the attention of the trial court.

The judgment of the circuit court is affirmed.

BLAIR, BROOKE, and STONE, JJ., concurred with MC-ALVAY, J.

OSTRANDER, C. J. (*dissenting*). I am unable to distinguish this case and *Northrup* v. *City of Pontiac,* 159 Mich. 250 (123 N. W. 1107). But I am of opinion that the nature and character of an obstruction, whatever its height, may be considered in determining whether a way is in a condition making it reasonably safe for public travel. I think the obstruction in this case was of such a character that the negligence of the defendant became a question for the jury.

BIRD and MOORE, JJ., concurred with OSTRANDER, C. J.