CORNELL *v.* CITY OF YPSILANTI.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS — REASONABLY SAFE AND FIT—STATUTES.

In an action against a municipality for personal injuries alleged to have been caused by a defective sidewalk, recovery may not be had unless the municipality has failed to maintain the sidewalk "in condition reasonably safe and fit for travel" (1 Comp. Laws 1915, § 4584).

2. SAME—CHARACTER OF DEFECT—TRAP—QUESTION FOR JURY.

While a municipality is not liable, as matter of law, for slight depressions in its sidewalks, such depressions may be of such size, shape, and character as to make the question one of fact.

On liability of municipality for injuries for unevenness in sidewalk or cross-walk, see notes in 20 L. R. A. (N. S) 640; 29 L. R. A. (N. S.) 180; 43 L. R. A. (N. S.) 1158; L. R. A. 1916A, 486.

3. SAME—EVIDENCE—QUESTION FOR JURY.

Where the evidence tends to establish that the depression is of such size, shape, and character as to form a trap in which the pedestrian's foot may be caught and held, a question for the jury, under proper instructions, is presented.

4. SAME—NOTICE OF DEFECT—REASONABLE TIME TO REPAIR.

Where a depression in a sidewalk in the nature of a trap had existed for several years, and was known to the alderman of the ward in which it was located, who was also chairman of the committee on streets and walks, the city was chargeable with notice of its condition and had had reasonable time to make repairs.

5. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.

In an action by a married woman for personal injuries, testimony by her that two years before the trial her husband had been ill, while inadmissible, *held*, not reversible error, where it cannot be said that the verdict was excessive or against the great weight of the evidence, and the trial judge charged the jury that they must determine the case on the facts without regard to the wealth or poverty of either party.

Error to Washtenaw; Sample (George W.), J. Submitted October 13, 1920. (Docket No. 95.) Decided December 21, 1920.

Case by Emilie C. Cornell against the city of Ypsilanti for personal injuries caused by a defective sidewalk. Judgment for plaintiff. Defendant brings error. Affirmed.

*Floyd E. Daggett* and *John P. Kirk,* for appellant.

*Cavanaugh & Burke* (*E. R. Sunderland,* of counsel), for appellee.

FELLOWS, J.   Plaintiff recovered a substantial judgment against defendant for injuries received by her through the claimed negligence of the city in not main-

taining its sidewalk on Cross street in a reasonably safe condition for public travel. Cross street is a much-traveled thoroughfare in Ypsilanti. The sidewalk was of cement. Plaintiff, a resident of Ann Arbor, had with her husband spent the day with her sister, Mrs. Knisely, at Ypsilanti. About dusk Mr. and Mrs. Cornell, accompanied by Mr. and Mrs. Knisely, started to take the interurban car for Ann Arbor. The distance was a short one and they were walking leisurely, the ladies ahead and the men but a short distance behind. It is the claim of the plaintiff that her foot became caught and held in a depression in the sidewalk, that she was thrown forward, receiving severe and permanent injuries, that defendant had notice of such defect and a reasonable time to repair it and that it was of such a character as to render the city liable. We shall state the testimony more at large as we proceed. Defendant insists that the defect in the walk was not of that character which would render it liable and that the court should have so held, as matter of law; that, as matter of law, notice to defendant city of a defective condition of the walk was not established and that it was entitled upon the whole record to a directed verdict. Error is also assigned on proceedings occurring upon the trial.

Under the statute of this State upon which plaintiff relies for a recovery (1 Comp. Laws 1915, § 4584), one may not be had unless the municipality has failed to maintain the sidewalk "in condition reasonably safe and fit for travel." It need not be made absolutely safe. The municipality is not the insurer of the safety of persons using its streets for travel. In a long line of decisions since the present act became effective this court has held that the municipality was not liable for slight depressions or elevations in its sidewalks, streets and crosswalks. Among the cases see the following: *Weisse* v. *City of Detroit*, 105 Mich. 482;

*Yotter* v. *City of Detroit,* 107 Mich. 4; *Shietart* v. *City of Detroit,* 108 Mich. 309; *Jackson* v. *City of Lansing,* 121 Mich. 279; *Bennett* v. *City of St. Joseph,* 146 Mich. 382; *McIntyre* v. *City of Kalamazoo,* 154 Mich. 301; *Northrup* v. *City of Pontiac,* 159 Mich. 250; *Baker* v. *City of Detroit,* 166 Mich. 597; *Jones* v. *City of Detroit,* 171 Mich. 608. In these cases the elevations or depressions have amounted to a few inches, generally two inches or less. Defendant's counsel insist the instant case is ruled by those cited. They point out that but one witness called by plaintiff fixes a depth of the depression in this sidewalk to exceed two inches, he by estimate putting it at two or two and one-half inches, while witnesses who made actual measurements fix it at less than one inch. On the other hand plaintiff's counsel point to the fact that these actual measurements were made at a later time and that the testimony shows that the depression was constantly filled with dirt. There may be some force in this suggestion of counsel, but if the depth of the depression was the only question involved, we should not hesitate to reverse this case upon the authority of the cases above cited.

But it is insisted on behalf of plaintiff that the defect in this walk which caused plaintiff's injuries was not a mere depression in the walk, but was of such size, shape and character that the foot of a traveler might and would be caught and held as in a trap, and that that was exactly what took place in the instant case; that below the cement surface of the walk disintegration had taken place, leaving a projection under which plaintiff's foot was caught and held. The case was submitted to the jury upon this theory, and it was left to them to determine the character of the depression, and if of the character claimed by plaintiff, whether the walk was in reasonably safe and fit condition for travel. There was testimony in the case

to sustain this theory, although not undisputed. Plaintiff testified:

"We were walking along not at a fast pace, we knew we had lots of time for the car and were in no hurry and were just talking along and I know I stepped down and when I went to take this foot forward it was caught and this knee bent and I fell forward on my face, my left foot was caught. I couldn't move it, when I went to pick it up to move it forward it was caught, I went to bend this knee and I couldn't and fell forward."

Her husband who was walking a short distance behind her attempted to catch her as she fell but was unsuccessful. He testifies that as she fell he noticed her foot and that it was caught under the projecting edge of the walk. He was permitted to testify, and properly so we think, that the second day after the accident he went to the place where it occurred and found fresh broken pieces of the walk there. The jury might infer from this, we think, that plaintiff's foot was so securely held in this defect that only by the breaking of the cement surface was it released. Plaintiff's husband also testified to the condition of her shoe after she arrived home, that there was a dent in it an inch or an inch and a half back from the toe. Plaintiff and her daughter also testified to the condition of the shoe after she had arrived home.

But our difficulties are not ended by determining that there was testimony to sustain plaintiff's theory; we must go further and determine whether such theory is tenable. The diligence of counsel has not brought to our attention any holding of this court precisely in point. The case nearest applicable is ·Urtel v. City of Flint, 122 Mich. 65. In that case there was a depression in a board walk; but in addition to such depression, when stepped upon it would sink down, thus acting as a trip. Mr. Justice Mont-

GOMERY, who wrote for the court, considered the *Weisse* and *Yotter* cases and held they were not applicable, saying:

"These two cases follow the holding that a rise of from two to three inches in a sidewalk is not such a defect as makes the city chargeable under the statute. The duty is thrown upon the traveler to look out for such slight variations in the walk, and it is assumed that, when properly used, no damage is likely to occur to a pedestrian traveling such a walk. This case presents a very different aspect. The defect did not consist in a slight rise in the sidewalk, but, according to the averments, the plank in question was broken so that there was a depression of from two to three inches, and which was most dangerous. When stepped on, it would sink down three or four inches, thus acting as a trip to one unused to stepping on the plank. We are satisfied that it was a fair question for the jury as to whether the walk was in a condition reasonably safe and fit for travel."

In *Wolverton* v. *Village of Saranac*, 171 Mich. 419, a judgment for injuries occasioned by depressions in a sidewalk was affirmed, but the case in this court did not turn on the question here involved.

The New York courts have adhered to the same doctrine as has this court that municipal corporations are not liable for slight depressions or elevations in their sidewalks. *Beltz* v. *City of Yonkers*, 148 N. Y. 67 (42 N. E. 401) ; *Butler* v. *Village of Oxford*, 186 N. Y. 444 (79 N. E. 712) ; *Hamilton* v. *City of Buffalo*, 173 N. Y. 72 (65 N. E. 944) ; *Schall* v. *City of New York*, 88 App. Div. 64 (84 N. Y. Supp. 737). But in *Terry* v. *Village of Perry*, 199 N. Y. 79 (92 N. E. 91, 35 L. R. A. [N. S.] 666, 20 Ann. Cas. 796), the court of appeals of that State, after considering some of the cases cited, says:

"By the decisions that we have mentioned and the language of the opinions therewith, this court has

clearly held that municipalities are not, as matter of law, responsible for injuries arising from slight depressions or differences in grade in walks. There are exceptions, however, when even a slight depression or difference in grade is peculiar and specially calculated to result in injury to pedestrians, in which the liability of municipalities for personal injuries should be sustained."

And the same court in *Durr* v. *Railroad Co.*, 184 N. Y. 320 (77 N. E. 397), sustained the right of recovery where the depression was of such character as to permit the foot to slip under the rail and thus be caught.

The court of last resort of Kentucky is likewise in accord with the holdings of this court. *City of Covington* v. *Belser*, 137 Ky. 125 (123 S. W. 249). But a recovery was sustained where in addition to the slight depression there were loose brick lying around, some flat and some on their sides, and it was held to present a case for a jury. *City of Louisville* v. *Laufer*, 140 Ky. 457 (131 S. W. 192).

The supreme court of Minnesota in sustaining a recovery where the defect in the sidewalk was but a slight depression but V-shaped (*Sumner* v. *City of Northfield*, 96 Minn. 107 [104 N. W. 686]) said:

"The real question presented by this record is whether the defect was of so serious a character as to present a matter for the jury, or was so slight that the court should have said, as a matter of law, that no negligence on the part of the city could be predicated upon it. * * *

"We are not inclined to hold municipalities to the exercise of more than reasonable care in the maintenance of sidewalks and crossings, nor to impose upon them the duty of making anything like a microscopic inspection. The care and inspection in that connection, must, however, have regard to all circumstances which affect the peril to which it exposes persons lawfully using the highway. Neither the dimensions of the hole nor the depth of the depression are neces-

sarily the exclusive tests of danger. A small V-shaped hole may contain many of the elements of hazard to which a railway frog exposes. It could easily become covered by leaves and the like, so as to more readily escape observation. It could, indeed, become more perilous than a much larger and more conspicuous depression."

Mr. Thompson, in his work on Negligence (Volume 8, § 6202), says:

"A city is not, as a matter of law, responsible for injuries which arise from slight depressions or differences in grade in sidewalks except where the depression or projection is peculiar and specially calculated to result in injury to pedestrians."

*Upham* v. *City of Boston*, 187 Mass. 220 (72 N. E. 946) ; *Leystrom* v. *City of Ada*, 110 Minn. 341 (125 N. W. 507) ; *Wadkins* v. *City of Albion*, 201 Mich. 130, tend to support plaintiff's contention.

We reach the conclusion that while a municipality is not liable, as matter of law, for slight depressions in its sidewalks, such depressions may be of such size, shape and character as to make the question one of fact, and that where the evidence tends to establish that the depression is of such size, shape and character as to form a trap in which the pedestrian's foot may be caught and held a question for the jury under proper instructions is presented. Plaintiff under this rule made a case for the jury.

Defendant's testimony disputed that of plaintiff as to the character of this depression. But the undisputed testimony was that it had existed for several years and the alderman of the ward in which it was located and who was chairman of the committee on streets and walks knew of it during its existence. It was not a latent defect and had existed for so long that the city was chargeable with notice of its condition and had had a reasonable time after such notice in which

to make repair. *Urtel* v. *City of Flint, supra; Menard* v. *City of Bay City*, 114 Mich. 450; *Hunter* v. *Village of Durand*, 137 Mich. 53; *Pearl* v. *Township of Benton*, 136 Mich. 697. It is obvious that if this depression was of the character claimed by defendant, its notice was of that condition only, but it is equally obvious that if the depression was of the character claimed by plaintiff its notice was of that condition. In other words, defendant had notice of whatever its actual condition was. The defect, if one existed, was patent and had existed a number of years. The court did not err in refusing to direct a verdict for defendant on the ground that there was no evidence of notice to the city of the condition of the walk and a reasonable time after such notice in which to make repair, nor in the instructions given on that subject.

Plaintiff testified that two years before the trial her husband had been ill "and has not been well"— when she was interrupted by an objection. The court allowed the answer to stand but the subject was not alluded to further. Defendant assigns error in permitting the testimony to stand. We do not perceive that the testimony was admissible; in fact plaintiff's counsel does not seriously contend for its admissibility. But we are satisfied that it was not reflected in the verdict and that it was not prejudicial to the defendant.

There was no motion for a new trial on the grounds that the verdict was excessive or against the great weight of the evidence; nor do we think it was. While the verdict was substantial, plaintiff's injuries were serious and painful.

The trial judge very clearly pointed out to the jury that they must determine the case on the facts without regard to the wealth or poverty of either party. We do not perceive that the substantial rights of the de-

fendant were prejudiced or that we should reverse the case for this harmless error.

The other assignments of error have been considered, but we find no reversible error in them.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.